BLD-140                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2867
_____

JASON MICHAEL WOODALL,
Appellant

v.

MUNICIPALITY OF MONROEVILLE; OFFICER PIERRE DEFELICE; OFFICER
STEVEN MARITZ; CHRISTINE J. FERRARO, Sheetz Clerk; LT. SAFAR

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01370)
District Judge: Honorable Robert J. Colville

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2026
Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed: August 7, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Plaintiff Jason Woodall brought claims against several Defendants under 42 U.S.C. § 1983 and Pennsylvania law. Plaintiff's claims focused on two traffic stops in 2019 by members of the Monroeville Police Department, which he alleged were unlawful and undertaken in retaliation for an earlier complaint relating to a 2018 traffic stop. After allowing Plaintiff to amend multiple times, the District Court dismissed Plaintiff's claims with prejudice. We will summarily affirm.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. We have jurisdiction under 28 U.S.C. § 1291, and our review is de novo. *Spruill v. Gillis*, 372 F.3d 218, 226 (3d Cir. 2004). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6. This appeal does not.

As to the Monroeville Defendants, we agree with the District Court that many of Plaintiff's claims were barred by the two-year limitations periods under § 1983 and Pennsylvania law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Plaintiff's malicious prosecution claims were properly dismissed because Plaintiff (1) failed to allege that he suffered a qualifying deprivation of liberty, and (2) was not subject to a seizure under the Fourth Amendment. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Plaintiff's claims regarding fabrication of evidence were properly dismissed because he failed to provide plausible allegations of fabrication and did not allege a meaningful

2

connection between the allegedly fabricated evidence and the criminal prosecution at issue. *See Black v. Montgomery Cnty.*, 835 F.3d 358, 371-72 (3d Cir. 2016). We also agree with the District Court that Woodall failed to allege supervisory liability against Chief Cole. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5, 130 (3d Cir. 2010).

As to Woodall's remaining claims, we agree with the District Court that dismissal was appropriate because (1) the Municipality of Monroeville and Allegheny County had no policy or custom that injured Woodall, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), (2) Sheetz could not be sued under § 1983 because it is not a state actor, *see Kach*, 589 F.3d at 646, (3) Woodall's claims against the District Attorney Defendants were barred by prosecutorial immunity, *see Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and (4) Woodall's claims against Judge Herbst were barred by judicial immunity, *see Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

We have considered Plaintiff's other arguments, including his challenges to certain of the District Court's text orders, and determined that those arguments are without merit. Accordingly, we will summarily affirm. We also grant Judge Herbst's motion to be relieved from filing a brief.

3